UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

JERMAINE WILLIAMS,

                              Petitioner,

            v.

                                                    9:08-CV-386
                                                     (LEK)

DALE ARTUS,

                              Respondent.

_____

APPEARANCES:

JERMAINE WILLIAMS, 96-A-6812
Petitioner, *Pro Se*
Clinton Correctional Facility
P.O. Box 2001
Dannemora, New York, 12929

LAWRENCE E. KAHN
U.S. District Judge

## ORDER

### I.      Background

        The Clerk has sent to the Court a Petition for a writ of habeas corpus brought by

Petitioner Jermaine Williams pursuant to 28 U.S.C. § 2254, together with an application to

proceed *in forma pauperis*.  Dkt. Nos. 1, 2.  Petitioner, who is currently incarcerated at Clinton

Correctional Facility, has not paid the required filing fee.

### II.      Petition

        In his Petition, Williams complains of a judgment of conviction rendered in Rensselaer

County Court on October 18, 1996, wherein he was found guilty after a jury trial of murder in

the second degree.  Dkt. No. 1 at 1. Williams states that he was sentenced to a term of 25 years

to life in prison. Id.  The Appellate Division, Third Department, is alleged to have affirmed this

conviction, and the Court of Appeals is claimed to have denied Petitioner leave to appeal.  Id.

at 2.  Williams also states that he filed state collateral applications challenging his conviction

under New York's Criminal Procedure Law ("CPL") §§ 440.10 and 440.30.  Id. at 3.

Additionally, Williams states that he filed a collateral challenge to his conviction in the

"Northern District." Id. at 3.

Williams previously filed a habeas Petition in this Court on March 15, 2000.  Williams

v. Ricks, No. 00-CV-424.  The Petition was referred to Magistrate Judge David R. Homer,

who recommended denying the Petition in a Report and Recommendation dated October 19,

2005.  See Williams, No. 00-CV-424 (Dkt. No. 41).  This Court approved the recommendation

and ordered the Petition denied and dismissed on February 15, 2006.  Id. (Dkt. No. 44).

In his previous application for habeas corpus relief, Williams challenged the same

conviction that he attacks in this Petition.  He argued that: (1) a pre-trial identification

procedure was unduly suggestive; (2) he was denied the effective assistance of appellate

counsel because appellate counsel did not timely file an appeal; (3) he was denied his right to

direct appeal because of inadequate prison legal facilities; (4) the trial judge erred in denying

admission of a 911 tape; and (5) trial counsel was ineffective because counsel (a) advised

Williams to waive his right to testify before the grand jury; (b) had a conflict of interest

because a prosecution witness was a former client; (c) failed to object to a juror who knew

prosecution witnesses; (d) failed to challenge the trial court's decision not to admit the 911

tape; (e) failed to make timely and proper objections; and (f) failed to locate and call witnesses.

See Williams, No. 00-CV-424 (Dkt. No. 41 at 2, 4). The court found that these claims were

2

either procedurally defaulted or without merit.  Id.

In his current Petition, Williams argues that: (1) trial counsel was ineffective for advising him to waive his right to testify before the grand jury; (2) trial counsel had a conflict of interest because a prosecution witness was a former client; (3) trial counsel failed to object to a juror who was related to one witness and attended school with other witnesses; (4) that trial and appellate counsel failed to challenge the indictment, which charged both intentional and depraved indifference murder; (5) the prosecutor failed to turn over prior statements of witnesses, and counsel failed to object on that ground; (6) counsel failed to challenge a pre-trial identification procedure; (7) counsel failed to move to suppress physical evidence; and (8) the Appellate Division failed to properly supervise his appeal and protect his constitutional rights, despite an order from a panel of judges "within the Northern District" that the state court "see to it that my appeal be perfected within 90 days or a new trial be granted."  Dkt. No. 1 at 5-6, 7-9.

In addition to establishing a statute of limitations for habeas petitions, the AEDPA also placed restrictions upon the filing of second or successive petitions.  The AEDPA requires individuals seeking to file a second or successive habeas corpus petition to obtain leave of the appropriate Court of Appeals for an order authorizing the district court to consider the second or successive application.  See 28 U.S.C. §§2244(b)(1), (b)(2), and (b)(3).  A district court has no jurisdiction to decide a second or successive habeas petition on the merits without authority from the appropriate Court of Appeals.  See Bryant v. Donnelly, No. 02-CV-1271, 2007 WL 405854, at *4 (N.D.N.Y. Feb. 1, 2007) (quoting Torres v. Senkowski, 316 F.3d 147, 149 (2d Cir. 2003) ("[T]he authorization requirement [for second or successive habeas petitions] is

3

jurisdictional and therefore cannot be waived.").

The Petition now pending is clearly a second or successive petition.  Williams has raised new claims as well as claims that he raised in his prior Petition.  The Second Circuit has stated that when a district court is presented with a second or successive habeas petition, the appropriate procedure is for the district court to transfer the case to the Circuit for review under the statute.  Liriano v. United States, 95 F.3d 119, 123 (2d Cir. 1996). Thus, pursuant to the statute and Liriano, Williams's Petition is hereby transferred to the Second Circuit Court of Appeals.

**III.  Application to proceed in forma pauperis**

This Court makes no ruling as to Petitioner's *in forma pauperis* application, thereby leaving that determination to the Second Circuit.

**WHEREFORE**, it is hereby

**ORDERED**, that the Clerk transfer this matter to the United States Circuit Court for the Second Circuit for a determination under § 2244(b)(3)(A) as to whether Williams should be authorized to file a second or successive habeas petition in the district court; and it is

**ORDERED**, that the Clerk serve a copy of this Order on the Petitioner.

**IT IS SO ORDERED**.

DATED:        April 10, 2008
              Albany, New York

Lawrence E. Kahn
U.S. District Judge

4